**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RAJ PATEL,<br><br>    Plaintiff,<br><br>    v.<br><br>ALPHABET INC., et al.,<br><br>    Defendants. | Case No.  23-cv-03647-BLF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 17] |

On August 7, 2023, Plaintiff filed a "Motion to Reconsider in Part for Dkt. 16." ECF No. 17 ("Mot."). Docket 16 refers to the Court's Order granting Plaintiff's application to proceed *in forma pauperis* and screening the First Amended Complaint ("FAC"). *See* ECF No. 16 ("Order"). The Court dismissed the FAC with leave to amend. *Id.*

Under the Civil Local Rules for the Northern District of California, a party needs leave of Court to file a motion for reconsideration. *See* Civ. L.R. 7-9(a). The Court will treat this motion as a motion for leave to file a motion for reconsideration.

Under the Civil Local Rules, a party moving for leave to file a motion for reconsideration must show reasonable diligence and one of the following three conditions:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

None of these conditions is met here. The Court therefore declines to grant Plaintiff leave to file a motion to reconsider the Court's Order dismissing the FAC. Plaintiff asks the Court to "reconsider its decision to dismiss the case with prejudice." Mot. at 3. But the Court did no such thing; in fact, the prior Order explicitly gave Plaintiff leave to amend. *See* ECF No. 16. Plaintiff also asks the Court to either "allow the First Amended Complaint or recently filed Second Amended Complaint." Mot. at 1. Plaintiff does not need to ask the Court to reconsider its Order to allow him to file a Second Amended Complaint, as the Order granted him leave to amend. *See* ECF No. 16.

Plaintiff asks the Court to appoint court-ordered counsel or to order opposing counsel to work with Plaintiff in drafting a Complaint. Mot. at 6. The latter request is completely inappropriate. As to the first, the Court notes that the decision of whether to appoint counsel is within the district court's discretion, and the Court may appoint counsel under section 1915 "only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)). Here, the Court finds that Plaintiff has an exceedingly low likelihood of success on the merits. Further, the Court finds that the issues are not particularly complex, and Petitioner has demonstrated an ability to articulate his claims. Therefore, the Court exercises its discretion to decline to appoint counsel.

Plaintiff next asks the Court to "show cause and issue a more definitive statement of the facts or construct necessary for each noticed claim." Mot. at 6. It is not the role of the Court to inform Plaintiff how to draft his pleadings. And finally, Plaintiff asks the Court, in the alternative, to "allow [him] the remainder of time to file another amended complaint." *Id.* The Court gathers that this request is in the alternative to allowing the filing of the SAC, which was filed soon after the instant motion. *See* ECF No. 18 ("SAC"). As stated above, the Court's previous Order

explicitly allowed the filing of a SAC.  *See* ECF No. 16.  The Court will treat the SAC, *see* ECF No. 18, as the operative pleading; Plaintiff may not file another amended complaint.

The Court DENIES Plaintiff's motion for reconsideration, which the Court treated as a motion for leave to file a motion for reconsideration.  The Court will screen the SAC pursuant to 28 U.S.C. § 1915 in a separate order.

**IT IS SO ORDERED.**

Dated:  August 7, 2023

_____
BETH LABSON FREEMAN
United States District Judge

3