**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RAJ PATEL,<br>　　　　Plaintiff,<br>　v.<br>ALPHABET INC., et al.,<br>　　　　Defendants. | Case No.  23-cv-03647-BLF<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL** |

On August 8, 2023, this Court dismissed Plaintiff Raj Patel's Second Amended Complaint with leave to amend and directed Plaintiff to file his Third Amended Complaint within 30 days of that order. On August 21, 2023, Plaintiff filed a motion to file under seal his Third Amended Complaint, ECF No. 21-3, and to seal his original complaint, ECF No. 1, First Amended Complaint, ECF No. 13, Motion to Reconsider, ECF No. 15, and his Second Amended Complaint, ECF No. 18.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a

document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Because a complaint is more than tangentially related to the merits of the case, the Court will apply the "compelling reasons" standard. *See Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014) (collecting cases applying the compelling reasons standard to motions to seal a complaint).

Plaintiff requests that the Court seal all four versions of his complaint and his motion to reconsider in their entirety. Plaintiff has failed to demonstrate compelling reasons to seal all or any part of the pleadings. Thus, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to file under seal, ECF No. 21. Plaintiff may file a narrowly tailored request to seal portions of the complaints supported by an affidavit demonstrating compelling reasons to seal. This renewed request to seal shall be filed by September 6, 2023. Failure to renew the request to seal will result in the entire document being filed on the public docket.

**IT IS SO ORDERED.**

Dated: August 28, 2023

_____
BETH LABSON FREEMAN
United States District Judge