UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJ PATEL,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03647-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD MOTION TO RECONSIDER**<br><br>[Re: ECF No. 30] |

Before the Court is Plaintiff Raj Patel's Third Motion for Reconsideration, ECF No. 30, of the Court's Order denying Patel's Motion to File Under Seal his Fourth Amended Complaint, previous versions of his complaint, and his motion to reconsider the denial of his application to proceed *in forma pauperis*. ECF No. 24. The Court's ruling is laid out below.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2   alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5
3   requires the moving party to provide "evidentiary support from declarations where necessary."
4   Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable
5   material." Civ. L.R. 79-5(c)(3).

**II.    DISCUSSION**

Because a complaint is more than tangentially related to the merits of the case, the Court will apply the "compelling reasons" standard. *See Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014) (collecting cases applying the compelling reasons standard to motions to seal a complaint).

The Court previously granted Patel leave to file a motion for reconsideration for the limited purpose of evaluating whether any private medical information should be sealed. ECF No. 29. The Court instructed Patel to identify the page and line numbers of each document he wishes to redact on the basis of containing private medical information. Patel's third motion for reconsideration includes a table with requests for redactions that are substantially similar to the redactions that Patel requested in his original motion, except Patel has changed some of his reasons for sealing. *Compare* ECF No. 30, *with* ECF No. 23-2.

Most of the redactions that Patel requests do not include private medical information, and in fact do not include confidential information of any kind. For example, Patel seeks to seal public information including legal citations, public webpages, Google searches, and Patel's arguments that certain public figures' caste information should be made available. As the Court previously found, Patel's request to seal this information does not satisfy the compelling reasons standard. *See Kamakana*, 447 F.3d at 1178. However, the Court finds that some paragraphs address sensitive medical health information that may be sealed. *See, e.g.*, *Pratt v. Gamboa*, No. 17-CV-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (finding compelling reasons to seal medical records). Therefore, the Court will GRANT the third motion for reconsideration with respect to the following paragraphs of the Fourth Amended Complaint:

| Paragraph to Seal | Ruling |
|---|---|
| ¶ 584 | GRANTED as containing private medical and health information. |
| ¶¶ 615–616 | GRANTED as containing private medical and health information. |
| ¶ 626 | GRANTED as containing private medical and health information. |
| ¶ 628 | GRANTED as containing private medical and health information. |

The Court DENIES the third motion for reconsideration with respect to all other paragraphs of the Fourth Amended Complaint. Because Patel has failed to request redactions for the previously publicly filed versions of his complaint and his motion to reconsider the denial of his application to proceed *in forma pauperis*, those documents will remain on the public docket.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Raj Patel's Third Motion for Reconsideration, ECF No. 30, is GRANTED in part and DENIED in part.

The Court ORDERS Patel to file his Fourth Amended Complaint, which may redact the paragraphs listed in the table above, on the public docket or amend his complaint to exclude any matters he chooses not to file on the public record no later than September 15, 2023. Failure to publicly file a properly redacted complaint or an amended complaint may cause the operative complaint to be stricken and this case dismissed with prejudice. No further motions for reconsideration will be permitted on this sealing matter.

Dated: September 8, 2023

_____
BETH LABSON FREEMAN
United States District Judge