UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAJ PATEL,

          Plaintiff,

   v.

ALPHABET INC., et al.,

          Defendants.

Case No. 23-cv-03647-BLF

**ORDER DENYING FOURTH MOTION TO RECONSIDER**

Before the Court is Plaintiff Raj Patel's Motion for Reconsideration, ECF No. 32, of the Court's Order denying Patel's Motion to File Under Seal his Fourth Amended Complaint, previous versions of his complaint, and his motion to reconsider the denial of his application to proceed *in forma pauperis*. ECF No. 24. The Court previously granted in part and denied in part Patel's Third Motion to Reconsider, ECF No. 30, and allowed Patel to seal limited paragraphs of his Fourth Amended Complaint. ECF No. 31. Patel now requests that the Court seal the remainder of the paragraphs that he identified in his Third Motion for Reconsideration and that the Court issue a writ of mandamus to other courts "to seal the complaint or similar complaints and certify a request to the United States Supreme Court to seal the complaint." ECF No. 32 ¶¶ 2–5.

Under the Civil Local Rules for the Northern District of California, a party needs leave of Court to file a motion for reconsideration. *See* Civ. L.R. 7-9(a). The Court will treat this motion as a motion for leave to file a motion for reconsideration.

Under the Civil Local Rules, a party moving for leave to file a motion for reconsideration must show reasonable diligence and one of the following three conditions:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before

> entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

    None of these conditions is met here. The Court therefore declines to grant Patel leave to file a motion to reconsider the Court's Order denying his sealing motion. First, to the extent that Patel's arguments in his fourth motion for reconsideration are materially different from his first three motions and his sealing motion, Patel has failed to demonstrate the exercise of reasonable diligence such that he was not aware of these facts or law. Second, Patel has not pointed to the emergence of any new facts or change in law from the time of the Court's last order. Third, the Court does not find any of the facts or legal arguments raised in this fourth motion for reconsideration material or dispositive. Additionally, this Court does not have jurisdiction to compel other courts to take any action whatsoever.

    The Court DENIES Patel's motion for reconsideration, ECF No. 32, which the Court treated as a motion for leave to file a motion for reconsideration. The Court again directs Patel to file his Fourth Amended Complaint—which may redact the paragraphs identified in the Court's Order Granting in Part the Third Motion for Reconsideration, ECF No. 31—on the public docket or amend his complaint to exclude any matters he chooses not to file on the public record no later than September 15, 2023. Failure to publicly file a properly redacted complaint or an amended complaint may cause the operative complaint to be stricken and this case dismissed with prejudice. The Court reminds Patel that "[n]o further motions for reconsideration will be permitted on this sealing matter." ECF No. 31 at 3.

Upon filing of a properly redacted Fourth Amended Complaint, the Court will conduct an initial screen under 28 U.S.C. § 1915(a).

**IT IS SO ORDERED.**

Dated:  September 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge