1

2

3                    **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5                          **SAN JOSE DIVISION**

6

7    RAJ PATEL,                              Case No.  23-cv-03647-BLF

8                    Plaintiff,

9          v.                               **ORDER SCREENING SIXTH**
                                            **AMENDED COMPLAINT UNDER 28**
10   ALPHABET INC., et al.,                 **U.S.C. § 1915**

11                  Defendants.             [Re:  ECF No. 57]

12

13          Before the Court is Plaintiff Raj Patel's sixth amended complaint against Defendants

14   Alphabet, Inc., XXVI Holdings, Inc., Google, LLC, Jigsaw, LLC, Sundar Pichai, and the United

15   States.  ECF No. 57 ("SAC").  The Court granted Plaintiff's motion to proceed *in forma pauperis*

16   on August 7, 2023.  ECF No. 16.  After sua sponte reviewing the sixth amended complaint, the

17   Court DISMISSES the SAC with prejudice.

18   **I.      BACKGROUND**

19           **A.      Sixth Amended Complaint**

20          Plaintiff alleges that in August 2022, he used Google Search, hoping to find the varna and

21   caste information of Prime Minister of the United Kingdom Rishi Sunak.  SAC ¶ 8.  Google

22   Search did not display any results with this information.  *Id.*  Plaintiff alleges that "Google LLC

23   gave a guaranty for its broad offer and statements through a warranty clause."  *Id.* ¶ 9.  Finally,

24   Plaintiff alleges that Google's failure to provide Prime Minister Sunak's varna and caste

25   information "have added to [his] concurrent mental health problems."  *Id.* ¶ 12.

26          Plaintiff's complaint raises 18 claims[1]:

27   ─────────────────

28   [1] The Court observes that Plaintiff's claims are likely misnumbered, as he has not alleged a Claim
     5 or 6.

United States District Court
Northern District of California

| Claim | Law | Defendants | SAC ¶¶ |
|---|---|---|---|
| 1 | "Breach of Contract" | Google LLC | 18–29 |
| 2 | "Breach of Warranty (contract)" | Google LLC | 30–35 |
| 3 | "Fraud (intra-contract)" | Google LLC | 36–42 |
| 4 | "Negligent Misrepresentation / Equitable Fraud (intra-contract)" | Google LLC | 43–51 |
| 7 | "Constructive Fraud (intra-contract and extra-contract)" | Google LLC | 52–60 |
| 8 | "Negligent Misrepresentation / Equitable Fraud" | All Defendants | 61–118 |
| 9 | "Products Liability" | Google LLC | 119–21 |
| 10 | "Products Liability" | Google LLC | 122–24 |
| 11 | "Breach of Warranty (Torts)" | Google LLC | 125–27 |
| 12 | "Breach of Indiana R.F.R.A. of 2015" | Google LLC | 128–30 |
| 13 | "Breach of United States R.F.R.A." | Google LLC | 131–34 |
| 14 | "IIED" | Google LLC | 135–40 |
| 15 | "NIED" | Google LLC | 141–43 |
| 16 | "*Res Ipsa Loqutior*" [sic] | Google LLC | 144–55 |
| 17 | "Unjust Enrichment" | Google LLC | 156–60 |
| 18 | "Breach of Contract | Google LLC, Alphabet Inc., XXVI Holdings, and the United States | 161–92 |
| 19 | "The Law Merchant" | Google LLC | 193–98 |
| 20 | "The Law Merchant" | Google LLC | 199–208 |

### B.   Procedural History

Plaintiff filed the initial complaint in this case on July 24, 2023.  ECF No. 1.  After reviewing the complaint, the Court found that it failed to state a claim upon which relief may be granted and dismissed it with leave to amend.  *See* ECF No. 11.  Plaintiff filed his first amended complaint on August 2, 2023.  ECF No. 13.  On August 7, 2023, the Court granted Plaintiff's motion to proceed *in forma pauperis* and, upon review of the first amended complaint, dismissed it with leave to amend, finding that Plaintiff again failed to state a claim upon which relief may be granted, and that Plaintiff's claims were frivolous and likely malicious given the volume of Plaintiff's active litigation.  ECF No. 16.  Hours later, Plaintiff filed a second amended complaint.  ECF No. 18.  The Court then reviewed the second amended complaint and again found that Plaintiff again failed to state a claim upon which relief may be granted and that his claims were frivolous and likely malicious.  ECF No. 20.  In doing so, the Court stated that it "will give

Plaintiff one additional opportunity to amend." *Id.* at 2.  Plaintiff then moved repeatedly to file amendments of his complaint under seal.  *See* ECF Nos. 21, 23, 25, 30, 32.  The Court denied his motions for lack of compelling reasons, with some limited exceptions.  *See* ECF Nos. 22, 24, 26, 34; *see also* ECF No. 31 (permitting limited sealing of sensitive medical information).  Finally, Plaintiff filed the operative pleading, which was labeled "Sixth Amended Complaint."  *See* SAC.

## II.     LEGAL STANDARD

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

"A claim is 'frivolous' when it is without 'basis in law or fact,' and 'malicious' when it is 'filed with the intention or desire to harm another.'" *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).  The final form of dismissal, failure to state a claim upon which relief can be granted, is "essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.*

## III.    DISCUSSION

The Court finds that Plaintiff's sixth amended complaint is frivolous.  A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

Most of Plaintiffs' claims rely on the same underlying theory: that Google promised Plaintiff that it "would not make any information inaccessible to him," SAC ¶ 19, and that Google's failure to display Prime Minister Sunak's varna and caste information in light of this promise constitutes a breach of contract (Claims 1 and 18), breach of warranty (Claims 2 and 11), fraud (Claims 3, 4, 7, and 8), a product defect or deceptive conduct (Claims 9 and 10), or tortious conduct (Claims 14, 15, and 16).  *See, e.g.*, SAC ¶ 32 (alleging that "all other information is

released by Google LLC via Google Search"); *id.* ¶ 40 (alleging that Google "lied about providing or making 'accessible' any information on the world wide web").  He further alleges that Alphabet, XXVI Holdings, and the United States are liable for breach of contract and that all Defendants are liable for negligent misrepresentation because they are alter egos of Google.  *See* SAC ¶¶ 61–118; 161–92.  The Court finds that Plaintiff's theory is frivolous and implausible. Plaintiff's allegation that Google would make a broad promise to provide him with any and all information without limitation is a "fanciful" allegation on which no reasonable fact finder could conclude that Defendants are liable.  Thus, Plaintiff's reliance on this theory makes his claims frivolous.  To the extent that Plaintiff's theory might be construed more narrowly as a theory that Google promised to provide Plaintiff with Prime Minister Sunak's varna and caste information, *see, e.g.*, SAC ¶ 120 (alleging that Google promised Patel that it would display Prime Minister Sunak's varna and caste information); *id.* ¶ 123 (similar), Plaintiff has failed to allege any facts that would support this theory.  Thus, he fails to state a claim for relief that is plausible on its face. Indeed, the Court's conclusion is bolstered by the fact that Plaintiff has brought similar claims against Google and other search engines in other courts and has been repeatedly and uniformly rejected.  *See, e.g.*, *Patel v. Alphabet Inc.*, 213 N.E.3d 1053 (Ind. Ct. App. 2023) (affirming a lower court's dismissal with prejudice a similar contract claim raised by Plaintiff against Google); *Patel v. Microsoft Corp.*, No. 2:24-CV-00130-JHC, 2024 WL 1138934, at *3 (W.D. Wash. Mar. 15, 2024) (dismissing similar claims raised by Plaintiff related to his searches on Bing.com), *reconsideration denied*, No. 2:24-CV-00130-JHC, 2024 WL 1156455 (W.D. Wash. Mar. 18, 2024).

For similar reasons, the Court finds that Plaintiff's unjust enrichment claim (Claim 17) is implausible.  "The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law."  *Qbex Computadoras S.A. v. Intel Corp.*, No. 17-CV-03375-LHK, 2017 WL 5525939, at *16 (N.D. Cal. Nov. 17, 2017) (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010)).  Plaintiff alleges that Google was unjustly enriched at Plaintiff's expense by making Prime Minister Sunak's varna and cast information inaccessible.

United States District Court
Northern District of California

1    SAC ¶¶ 157–58.  However, Plaintiff has failed to adequately allege facts showing how Google

2    was enriched or how he suffered an injury from the alleged conduct.

3           Plaintiff also raises claims under the Federal and Indiana Religious Freedom Restoration

4    Acts ("RFRA") against Google (Claims 12 and 13).  However, the Federal RFRA applies only to

5    government actors, *see* 42 U.S.C. § 1000bb-1(a), and the Indiana RFRA applies only to

6    "governmental entity statutes, ordinances, resolutions, executive or administrative orders,

7    regulations, customs, and usages," Ind. Code § 34-13-9-1.  Because Google is not a government

8    actor or governmental entity, neither statute applies, and these claims are frivolous as presenting

9    an inarguable legal conclusion.

10          Finally, Plaintiff raises two "law merchant" claims (Claims 19 and 20), but neither claim

11   alleges that Google violated any law.  Thus, these claims are frivolous.

12          The Court will not grant further leave to amend because Plaintiff has repeatedly failed to

13   cure deficiencies by amendment and the Court finds further amendment futile.  *See Foman v.*

14   *Davis* 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

15   (9th Cir. 2003).  The Court has already given Plaintiff three opportunities to amend.  In addition,

16   the Court twice informed Plaintiff of the federal notice pleading standards and directed Plaintiff to

17   the Northern District's Federal Pro Se Program for support.  ECF No. 16, 20.  In addition, the

18   Court finds that further amendment is futile because the Court has concluded that Plaintiff's

19   claims are frivolous.  *See Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (finding futility of

20   amendment where proposed amended claims were "duplicative" and "patently frivolous").

21   **IV.    ORDER**

22          For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Raj Patel's sixth

23   amended complaint (ECF No. 57) is DISMISSED WITHOUT LEAVE TO AMEND.

24

25   Dated:  April 11, 2024

26   _____

27   BETH LABSON FREEMAN
     United States District Judge

28

5